UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **DONALD S. JOHNSON,** \* | |
| 1101 Golf Course Drive \* | |
| Mitchellville, MD  20721 \* | |
| \* | |
| Plaintiff \* | |
| \* | |
| v. \* | C.A. |
| \* | |
| **CHARLES F. BOLDEN, Administrator,** \* | |
|     **NATIONAL AERONAUTICS and** \* | |
|     **SPACE ADMINISTRATION,** \* | |
| 300 E Street, SW       \* | |
| Washington, D.C.  20 \* | |
| \* | |
| Defendant. \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT - CIVIL RIGHTS

## (JURY TRIAL DEMANDED)

### I.  JURISDICTION AND VENUE

1. This is an action for declaratory relief, injunctive relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Donald S. Johnson to redress violations by the Defendant of Plaintiff's civil rights.  The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII"), which provides for injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and which also provides a cause of action for retaliation and reprisal.  This action is also brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a, as amended, which

1

prohibits agencies in the Federal government from discriminating against employees who are more than forty years of age.  This action also states a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206d, as amended.

 The jurisdiction of this Court is also invoked under 28 U.S.C. § 1343, this being a suit authorized and instituted pursuant to the Civil Rights Act of 1964.

2. This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose and in which the Defendant, an agency of the United States Government, us located and doing business.

3. This is a civil action and the amount in controversy exceeds $10,000 (Ten Thousand Dollars), exclusive of interest and costs.

## II.  PARTIES

4. Plaintiff Donald S. Johnson is a Black male citizen of the United States who is a former employee of the National Aeronautics and Space Administration ("NASA"), an agency of the United States government .

5. Defendant is Charles F. Bolden, in his official capacity as Administrator of the United States National Aeronautics and Space Administration.

## III.  STATEMENT OF FACTS

6. Plaintiff Donald S. Johnson  is an African American male  who was born on September 28, 1947.

7. Plaintiff began his employment with Defendant National Aeronautics and Space Administration ("NASA")  in 1999 as a GS-13 Equal Employment Opportunity

Specialist in the NASA Complaints Management Division of the NASA Office of Diversity and Equal Opportunity.

8. Plaintiff Johnson retired from NASA in December 2011.

9. At the time he retired from NASA, Mr. Johnson was still a GS-13 Equal Employment Opportunity Specialist in the NASA Complaints Management Division.

10. As a GS-13 Equal Employment Opportunity Specialist, Mr. Johnson's primary duties consisted of caseload management, including the processing, adjudication, and disposition of individual and class action complaints of employment discrimination filed against NASA

11. In 2005, Plaintiff Donald Johnson and a co-worker named Donald King filed companion formal complaints of discrimination and retaliation against NASA.

12. In 2008, Plaintiff Donald Johnson and his co-worker Donald King filed separate but companion lawsuits against NASA in this Court alleging discrimination and retaliation.

13. Between the years 2002 and 2012, Plaintiff and Donald King processed approximately 60% of all of the discrimination complaints processed by the NASA Complaints Management Division.

14. Between the years 2002 and 2012, Plaintiff Donald Johnson and his co-worker Donald King processed more than 90% of all of the complex or difficult cases which were processed by the NASA Complaints Management Division.

15. Between the years 2002 and 2012, Mr. Johnson processed approximately twice as many discrimination complaints than any other Equal Employment Opportunity Specialist at NASA except Donald King.

16. Between the years 2000 and 2014, the year Mr. Johnson retired, Mr. Johnson and Mr. King were the only males employed by the NASA Complaints Management Division who processed discrimination complaints.

17. During Plaintiff Johnson's tenure with NASA, every female GS-13 Equal Employment Opportunity Specialist working for NASA was promoted to GS-14.

18. Although hired as a GS-13 Equal Employment Opportunity Specialist, Mr. Johnson was never promoted to GS-14.

19. Several of the female GS-13 Equal Employment Opportunity Specialists had been at the GS-13 level for far fewer years than Mr. Johnson, when they were promoted to GS-14 Equal Employment Opportunity Specialist.

20. In January 2008, the NASA Complaints Management Division advertised two identical Equal Employment Opportunity Specialist positions as career ladder GS-13/14 EEO Specialists.

21. At the time the two identical Equal Employment Opportunity Specialist positions were advertised as career ladder GS-13/14 EEO Specialist positions, the only two GS-13 Equal Employment Opportunity Specialists in the NASA Complaints Management Division were Plaintiff Johnson, and a woman named Aisha Moore.

22. Plaintiff Johnson and Ms. Aisha Moore each applied for the vacancies, and both were placed on the "Best Qualified" List for the GS-14 level.

23. After the "Best Qualified" list was provided to NASA Senior Management, the announcement was cancelled and re-advertised as a single GS-13 with potential to the GS-14 position.

24. Prior to this re-advertisement, Mr. Johnson had heard of no other position advertised in this manner ("with potential") during the ten years of his employment with NASA.

25. Plaintiff Johnson and Ms. Moore re-applied and were both selected and both were

4

placed in the GS-13 level Equal Employment Opportunity Specialist position.

26.     Within six (6) months of the initial selection, Ms. Moore was promoted from the GS-13 Equal Employment Opportunity Specialist position to the GS-14 level Equal Employment Opportunity Specialist position.

27.     At the time she was promoted to the GS-14 Equal Employment Opportunity Specialist position. Aisha Moore was under age forty (40), had less than three years' experience working with NASA, and had engaged in no protected EEO activity.

28.     Mr. Johnson was tasked with mentoring and reviewing the work of a junior Equal Employment Opportunity for the last three or four years of .

29.     Throughout his tenure with NASA, Mr. Johnson's performance was never appraised as less than "meets expectations," and his performance was frequently assessed at the "exceeds expectations" level.

30.     In both his 2008 and 2009 performance appraisals, Mr. Johnson was lauded for both the quality and quantity of his work, and he was especially cited for his accomplishments which advanced the status of the NASA Complaints Management Division.

31.     Through all times relevant to this Complaint, Mr. Johnson has been engaged in protected EEO activity against NASA.

32.     On June 9 2015, Mr. Johnson received his right to file a civil action in this Court from the Equal Employment Opportunity Commission, and all administrative prerequisites to this lawsuit have been satisfied.

33.     As a direct and proximate result of Defendant's conduct, Plaintiff Donald S. Johnson has incurred and continues to incur a substantial loss of present and future income, and has lost some of the fringe benefits and emoluments associated with his

employment with the United States government.

## IV.   STATEMENT OF CLAIM

34. As a direct and proximate result of Defendant's conduct, Plaintiff Donald S. Johnson's career and professional reputation have been severely damaged, and Plaintiff Johnson has suffered mental anguish and has lost personal and professional esteem, and Plaintiff has incurred additional financial losses, including the legal fees, costs and expenses associated with this litigation.

35. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's acts and conduct as described herein. Unless Defendant is restrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

### A.   FIRST CAUSE OF ACTION—AGE DISCRIMINATION

36. Plaintiff Donald S. Johnson alleges and re-alleges paragraphs 3-35 as if set forth fully and completely herein.

37. Plaintiff Donald S. Johnson alleges that, because of Plaintiff's age, Defendant has engaged in discriminatory conduct in violation of rights secured to Plaintiff by the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a, *et seq.,* by harassing Plaintiff, and by denying Plaintiff promotion to GS-14 Equal Employment Opportunity Specialist.

### B.   SECOND CAUSE OF ACTION—DISPARATE TREATMENT

38. Plaintiff Donald S. Johnson alleges and re-alleges paragraphs 3-35 as if set forth fully and completely herein.

39.     The effect of the Defendant's acts and practices as enumerated herein has been to deprive Plaintiff Donald S. Johnson of rights secured to him by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., to be free from gender discrimination, because Defendant, solely because of Plaintiff's sex, has intentionally deprived Plaintiff of equal employment opportunities in promotion, salary, and other terms and conditions of his employment, and Defendant has given preferential treatment in promotion and pay to females.  By said acts, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended.

### C.   THIRD CAUSE OF ACTION—UNLAWFUL RETALIATION

40.     Plaintiff Donald S. Johnson alleges and re-alleges paragraphs 3-35 as if set forth fully and completely herein.

41.     In 2005, Plaintiff Donald Johnson entered the NASA EEO process because Mr. Johnson believed he was being discriminated against because of his race and sex.

42.     In 2014, as of the date he retired, Mr. Johnson was still in the EEO process, and was still engaged in protected EEO activity.

43.     Subsequent to Mr. Johnson invoking his EEO rights, Defendant NASA retaliated against Mr. Johnson by denying him promotion to GS-14, and by otherwise subjecting him to disparate treatment in promotion and pay.

### D.   FOURTH CAUSE OF ACTION—DENIAL OF EQUAL PAY

44.     Throughout his tenure with NASA, Plaintiff Johnson has worked as an Equal Employment Opportunity Specialist.

45.     The work Mr. Johnson has performed as an Equal Employment

Opportunity Specialist has at all times been equal to the work of the female Equal Employment Opportunity Specialists in the office with respect to the core qualities of skill, effort and responsibility.

46. In many ways, Mr. Johnson's duties have been greater in terms of skill, effort and responsibility, than the duties of his female co-workers who were employed by NASA as Equal Employment Opportunity Specialists.

47. Even though the work Mr. Johnson's duties were equal to those of women similarly situated to him, NASA still denied Mr. Johnson equal pay, equal performance bonuses, and equal promotional opportunities in comparison to those similarly-situated women.

48. By said acts, Defendant violated Plaintiff Johnson's rights under Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act of 1963, as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

2. Order Defendant to make Plaintiff whole for the discrimination and retaliation Plaintiff has suffered as a result of the acts and practices as described herein, and provide appropriate back pay, wages, and benefits in an amount to be shown at trial.

3. Grant Plaintiff an award of compensatory damages for each time Plaintiff was denied a promotional opportunity to compensate him for the humiliation, emotional distress and loss of personal and professional esteem suffered by Plaintiff as a result of Defendant's intentional acts.

4. Grant Plaintiff an award of compensatory damages for each instance of retaliation to which Plaintiff was subjected by Defendant, to compensate Plaintiff for the emotional distress which Defendant's acts inflicted upon Plaintiff.

5. Grant Plaintiff his attorney's fees, and the costs and disbursements necessary to maintain this action.

6. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance.

7. Grant such other and further relief as the Court deems necessary and proper.

      Respectfully submitted,

      _____/s/_____
      John Wesley Davis, DC Bar No. 931600
      1629 K Street, NW, Suite 300
      Washington, D.C. 20006
      Ph: 202-408-1952
      Fax: 202-403-3495
      jwdalaw@aol.com
      Attorney for Plaintiff Donald S. Johnson